Aurelia REYES, Plaintiff, Appellant,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant, Appellee.

No. 5751.

United States Court of Appeals First Circuit.

March 14, 1961.

Frank Torres, Ponce, P. R., for appellant.

Alan S. Rosenthal, Attorney, Washington, D. C., with whom Geo. S. Leonard, Acting Asst. Atty. Gen., Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., and Robert E. Powell, Baltimore, Md., were on brief, for appellee.

Before WOODBURY, Chief Judge, MAGRUDER, Senior Circuit Judge, and HARTIGAN, Circuit Judge.

PER CURIAM.

This is an appeal from a judgment summarily entered by the United States District Court for the District of Puerto Rico dismissing a complaint brought under § 205(g) of the Social Security Act as amended. 53 Stat. 1368, 1370 (1939), as amended, 42 U.S.C.A. § 405(g).

The basic facts are not in dispute. The plaintiff below and appellant here was born on October 15, 1892, and reached retirement sixty-two years later on October 14, 1954. Her son, Victor Ortiz, through whom she claims survivor benefits, was born in Puerto Rico on January 6, 1914. As an adult he worked exclusively in Puerto Rico as a cane cutter and general laborer earning about $18.00 a week out of which he supported his mother, who was his only dependent, until he was inducted into the military service on April 28, 1941. He was executed on June 21, 1945, at Le Mans, France, pursuant to an approved sentence of a general court-martial.

Victor Ortiz was a citizen of the United States by virtue of his Puerto Rican citizenship. But, never having worked as a civilian outside Puerto Rico, he never came within the coverage of the Act with respect to his civilian employment.[1] The plaintiff-appellant's claim can only rest upon wage credits provided for veterans of World War II by § 217

of the Act, also added by amendment in 1950. 64 Stat. 477, 512 (1950), 42 U.S.C.A. § 417. But World War II veterans entitled to wage credits by virtue of their military service are defined in subsection (d) (2) of § 217 as not including "any individual who died while in the active military or naval service of the United States if his death was inflicted (other than by an enemy of the United States) as lawful punishment for a military or naval offense."

Counsel for the claimant argues that Congress lacked constitutional power to define World War II veterans as it did. He asserts that by its definition Congress deprived the plaintiff-appellant of her "vested rights" as the dependent survivor of a veteran in violation of due process of law and also passed a bill of attainder or ex post facto law in violation of Art. 1, § 9, cl. 3.

Similar contentions, although in another connection, were carefully considered only to be rejected in Flemming v. Nestor, 1960, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435. It will suffice to say that if Congress may constitutionally cut off old-age benefit payments because of the deportation of one otherwise entitled thereto, it may deny eligibility for survivor benefits arising out of the military service of one who was executed according to military law for a military offense.

Judgment will be entered affirming the judgment of the District Court.

1. It is conceded, as it must be, that the Act did not apply in Puerto Rico until January 1, 1951, the Governor of Puerto Rico more than 90 days prior to that time having certified to the President of the United States in accordance with §

219 of the Act added by amendment in 1950 that the Legislature of Puerto Rico had by concurrent resolution resolved that it desired extension of the Act to Puerto Rico.